

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>Defendants. | Case: 1:22−mc−00007<br>Assigned To : Unassigned<br>Assign. Date : 1/21/2022<br>Description: Misc<br><br>Civil Action No.<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

The plaintiffs in this action, John Doe and Jane Doe, who "were born in Iran and are citizens of Canada, currently residing in Washington, D.C.," Compl. in the Nature of Mandamus Arising from Defs.' Refusal to Adjudicate Pls.' Application to Adjust Status ("Compl.") ¶ 1, have moved for each plaintiff to proceed under pseudonym in their instant action seeking "a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications to adjust status," *id.* at 1.  *See* Pls.' Mot. to Proceed Under Pseudonym ("Pls.' Mot."). For the reasons set forth below, the plaintiffs' motion is denied, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

**I. BACKGROUND**

On October 19, 2018, plaintiff John Doe's I-140 Petition for Alien Worker, which his employer had filed on his behalf, was approved, "render[ing] Plaintiffs John Doe and Jane Doe eligible to adjust status" and seek a green card. *Id.* ¶¶ 2–3. Plaintiffs thereafter "filed

---

[1] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

timely I-485 Applications for Adjustment of Status," *id.* ¶ 4, and underwent the fingerprinting process, *id.* ¶ 5.  Since then, they claim that "[d]espite numerous calls to USCIS and their attempts to prompt movement on the case, John Doe and Jane Doe's applications to adjust status have remained pending far longer than is reasonable."  *Id.* ¶ 8.

Plaintiffs seek to proceed under pseudonyms because "the immigration process is a non-public, confidential proceeding designed to protect people such as Plaintiffs from having their identity revealed" and is "necessary to maintain the protections afforded to Plaintiffs pursuant to 8 C.F.R. 208.6."  Pls.' Mot. at 1.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff.  FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971

F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access.  *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously.  A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  *In re Sealed Case*, 971 F.3d at 326.  Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'"  *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96).  When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis."  *In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in

>a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III.   DISCUSSION

At this early stage of the litigation, this Court is not persuaded that plaintiffs have met the burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. Plaintiffs have articulated no privacy interests sufficient to rebut the presumption in favor of open proceedings.

Without applying the *James* factors, plaintiffs merely seek to use pseudonyms on the grounds that "the immigration process is a non-public, confidential proceeding designed to protect people such as Plaintiffs from having their identity revealed." Pls.' Mot. at 1. Yet, plaintiffs regularly litigate visa mandamus suits under their own names, and plaintiffs articulate no reason why granting "the rare dispensation of anonymity," *In re Sealed Case*, 971

F.3d at 326, is appropriate here. Plaintiffs do not demonstrate any need for secrecy or identify any consequences likely to befall them or others if this case proceeds on the public docket. Plaintiffs also argue that pseudonymity is "necessary to maintain the protections afforded to Plaintiffs pursuant to 8 C.F.R. 208.6." Pls.' Mot. at 1. That cited regulation is inapposite, however, as it pertains to "application[s] for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation," 8 C.F.R. 208.6(a), and nothing in the plaintiffs' filings indicate that they are applying for these forms of relief.

### IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Proceed Under Pseudonym is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall not file plaintiffs' Complaint on the docket unless it is filed with plaintiffs' full names, in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: January 21, 2022

_____
BERYL A. HOWELL
Chief Judge